[777 NYS2d 751]

In the Matter of REYNOLD N. MASON, a Suspended Attorney, Resignor.

Second Department, June 7, 2004

### APPEARANCES OF COUNSEL

*Reynold N. Mason,* Brooklyn, resignor pro se.

*Diana Maxfield Kearse,* Brooklyn (*Robert J. Saltzman* of counsel), for Grievance Committee for the Second and Eleventh Judicial Districts.

### OPINION OF THE COURT

Per Curiam.

Reynold N. Mason has submitted an affidavit dated February 4, 2004, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Mason was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on July 13, 1983.

Mr. Mason avers that his resignation is freely and voluntarily tendered, that he is not subject to coercion or duress, and that he is fully aware of the implications of its submission. He acknowledges that there is a disciplinary proceeding presently pending against him alleging conversion, failing to promptly pay or deliver to a third person funds that person was entitled to receive, commingling, improperly issuing escrow checks to cash, and providing inaccurate and misleading responses to the Commission on Judicial Conduct. He also acknowledges that he cannot successfully defend himself on the merits against such charges.

Mr. Mason submits his resignation subject to any application that may be made by the Grievance Committee for an order directing him to make restitution and reimburse the Lawyers' Fund for Client Protection. He acknowledges the continuing jurisdiction of the Appellate Division to make such an order, which may be entered as a civil judgment against him, and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee urges acceptance of the proffered resignation.

Inasmuch as Mr. Mason's resignation comports with all appropriate Court rules and regulations, it is accepted, and, effective *immediately,* Mr. Mason is disbarred, and his name stricken from the roll of attorneys and counselors-at-law. In view of Mr. Mason's resignation, the Grievance Committee's pending mo-

tion to find him in default of his obligation to answer the petition is denied as academic.

Prudenti, P.J., Ritter, Santucci, Altman and Crane, JJ., concur.

Ordered that the resignation of Reynold N. Mason is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Reynold N. Mason is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Reynold N. Mason shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Reynold N. Mason is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that the Grievance Committee's motion to find Reynold N. Mason in default of his obligation to answer the petition is denied as academic; and it is further,

Ordered that if Reynold N. Mason has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and he shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).